# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 19-cr-00019 (RDM) |
| v. | Status: July 15, 2024 |
| CHRISTOPHER GREEN | |
| Defendant. | |

### DEFENDANT'S OPPOSTION TO THE GOVERNMENT MOTION IN LIMINE TO ADMIT PRIOR TESTIMONY Of NIKKI MOURTZINO

Defendant, through counsel, hereby opposes the government's motion to admit Dr. Mourtzino's prior testimony as violative of his Sixth Amendment right to confront witnesses against him. Because the "right to face to face confrontation should not easily be dispensed with,"[1] and because the government has not met its burden of demonstrating that its witness is unavailable the motion should be denied.

### Brief Background

Mr. Green was charged in a 13-count indictment in December of 2019. Mr. Green went to trial in 2021 and during that trial, the government presented testimony from the medical examiner, Nikki Mourtzinos, M.D., who performed the

---

[1] *Maryland v. Craig*, 497 U.S. 836, 850 (1990).

autopsy of Zaan Scott. Following the jury trial, Mr. Green was found guilty of multiple counts, acquitted of two counts, and the jury was hung on Counts One and Four. A mistrial was declared on the remaining counts. The trial, to include Count One is set to commence on July 23, 2024. The government previously notified defense counsel that Dr. Mourtzinos is having dental surgery procedures and is unable to travel to D.C. from her home in Massachusetts. The Government claims as a result that Dr. Mourtzinos is unavailable to testify and seeks to admit her prior trial testimony. On July 14, 2024, the government filed the instant motion, *Government's Motion* In Limine *To Admit Prior Testimony of Nikki Mourtzinos Pursuant to Federal Rule of Evidence 804(a)(4) And (b)(1)*. The defense opposes this motion.

## Argument

The Sixth Amendment to the United States Constitution provides, in part, that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him[.]" U.S. Const. amend. VI. The core of its values, "guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." *Coy v. Iowa*, 487 U.S. 1012, 1016 (1988).

The Sixth Amendment protection, however, is not absolute. Testimonial statements by a person who is absent from trial is prohibited unless the person is

unavailable, and the defendant had a prior opportunity to cross-examine the person. *Crawford v. Washington*, 541 U.S. 36 (2004).

The government bears the burden of demonstrating that its witness is unavailable to testify at trial. *United States v. McGowan*, 590 F.3d 446, 454 (7th Cir. 2009). Fed. R. Evid. Rule 804(a) defines unavailability as including inability because of a "then existing physical illness." Rule 804(a)(4). Other than the government's representation that Dr. Mourtzinos "is having a series of dental-surgery procedures" beginning later this week and continuing into early August, *See* Gov't Mot. at 3, it presents no objective medical support for this court's finding that the witness is unavailable. See, *Bastani v. Am. Fed'n of Gov't Employees, AFL-CIO*, 70 F.4th 563, 569 (D.C. Cir. 2023)(witness unavailable where attorneys presented a note signed by Cox's treating physician stating that Cox, who was to undergo a shoulder surgery in North Carolina, was not cleared to travel to the District of Columbia to testify during the pendency of the trial.); *Davis v. D'Ilio*, CV 14-7797 (AET), 2017 WL 5951702, at *11 (D.N.J. Nov. 30, 2017) (unavailability established where witness provided objective medical evidence for his claim that he was too ill to testify in the form of a letter from his treating physician.); *Cf. Complaint of Bankers Trust Co.,* 752 F.2d 874, 888 (3d Cir.1984) (refusing to find that witness was unavailable, where party's attorney

testified that witness was physically infirm but introduced "no affidavits or other information supporting the assertion of medical disability.")

Additionally, by the prosecutions own admission, this "unavailability" is temporary. See, *United States v. Carter*, 907 F.3d 1199, 1208 (9th Cir. 2018)(witness' inability to travel was due to her pregnancy—a temporary disability insufficient to deny defendant the right to confrontation.) In *Carter* the court recognized that a trial continuance or severance of counts were viable alternatives. It also recognized that to make alternate adjustments on the eve of trial is not ideal. Nevertheless, it held that "a criminal defendant's constitutional rights cannot be neglected merely to avoid 'added expense or inconvenience.'" *Id. (quoting Green*, 399 U.S. at 189 n.22 (Harlan, J., concurring)).

Separate and apart from the Sixth Amendment's face to face confrontation protection is the right to cross examine. Defendant does not dispute that he had the opportunity to cross examine Dr. Mourtzino at the first trial. However, Mr. Green intends to focus on different aspects of Dr. Mourtzino's involvement in this case than what he focused on during the first trial. Boxing the defense into the previous cross-examination provides unfair advantage to the government. Mr. Green should be able to confront Dr. Mourtzino in person and have the jury observe her demeanor.

## Conclusion

WHEREFORE, for the foregoing reasons as well as any others that may arise at a hearing on this motion, Defendant respectfully requests this Court deny the Government's Motion to Admit Prior Testimony of Nikki Mourtzinos.

Respectfully submitted,

____/s/_____
Jonathan Zucker #384629
Erin Luibrand #1753913
37 Florida Ave. NE
Suite 200
Washington, D.C.  20002
(202) 624-0784
*Attorney for Christopher Green*

### CERTIFICATE OF SERVICE

I certify that on July 15, 2024, I caused a copy of the foregoing Motion to be filed with the Clerk using the CM/ECF System which will send notification of this filing to all parties.

_____/s/_____
Jonathan Zucker